UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOHL,<br><br>        Plaintiff,<br><br>    v.<br><br>MAGIC MOUNTAIN, LLC, a California Limited Liability Company,<br><br>        Defendant. | No. 2:17-cv-01858-TLN-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |

       This matter is before the Court pursuant to Defendant Magic Mountain, LLC's ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (ECF No. 5.) Plaintiff Ellen Stohl ("Plaintiff") filed an opposition, (ECF No. 7), and Defendant filed a reply, (ECF No. 10). For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Transfer. (ECF No. 5.)

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2016, Plaintiff filed a complaint against Defendant alleging violations of the American with Disabilities Act ("ADA"), as well as related state law violations. (ECF No. 1.) Plaintiff alleges she is a disabled person as defined under both California and federal law, and has a physical condition that causes her to rely upon a wheelchair or scooter for mobility. (ECF No. 1 ¶ 8.) Defendant owns and operates Six Flags Magic Mountain ("Park"), an amusement park located in Valencia, California. (ECF No. 1 ¶ 3.) Plaintiff alleges that on August 5, 2015, November 24, 2015, and June 16, 2016, she visited the Park and was discriminated against due to her disability. (ECF No. 1 ¶¶ 9–33.) Specifically, Plaintiff alleges that she faced significant barriers to access due to (1) the Park's architectural barriers, including excessive slopes, and (2) Defendant's procedures for mobility impaired patrons, which significantly increase wait times for disabled persons and limit their access to certain Park attractions. (ECF No. ¶¶ 9–33.)

Defendant now moves to dismiss Plaintiff's complaint for improper venue, or in the alternative, transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff is an individual who lives in Northridge, California. (*See* ECF No. 5-1 ¶ 2; ECF No. 7-1 ¶ 2.) Defendant is a California limited liability company[1] organized and existing under the laws of the State of California, with its headquarters located in Valencia, California. (ECF No. 5-2 ¶ 2; ECF No. 10 at 6.) All of the events giving rise to Plaintiff's claims occurred at the Park, which is located in Valencia, California. (*See* ECF No. 1 ¶ 9–33.) Further, the vast majority of individuals involved in this case, including Plaintiff herself, work and live in or near Valencia, California where the Park is located. (ECF No. 5-1 ¶ 5.) Likewise, virtually all paper documents and files are located at the Park. (ECF No. 5-1 ¶ 5.)

## II. STANDARDS OF LAW

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(3)

A party may move to dismiss an action based on improper venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3). Fed. R. Civ. P. 12(b)(3). Once a defendant challenges

---

[1] Defendant contends that it is both a corporation, (ECF No. 5-2 ¶ 2), and a limited liability company, (ECF No. 10 at 6). However, it appears Defendant is in fact a limited liability company, not a corporation.

2

venue, the plaintiff bears the burden of demonstrating that the chosen venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In determining whether venue is proper, the pleadings need not be accepted as true and the court may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

Venue in a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). "The first two paragraphs of §1391(b) define the preferred judicial districts for venue in a typical case, [while] the third paragraph provides a fallback option . . . ." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). When venue is improper, the district court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A determination of improper venue does not go to the merits of the case and therefore [dismissal] must be without prejudice." *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

B. <u>Motion to Transfer Under 28 U.S.C. § 1404(a)</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer pursuant to § 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).

3

In determining whether an action should be transferred, the court considers both private factors, which go to the convenience of the parties and witnesses, and public factors, which go to the interests of justice. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498–99. The moving party bears the burden of showing that transfer is appropriate. *Id.* at 499.

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's complaint for improper venue under Rule 12(b)(3). (ECF No. 5 at 10.) In the alternative, Defendant moves to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 5 at 10.)

#### A. Whether Venue Is Proper Under 28 U.S.C. § 1391(b)

Defendant argues that venue is improper under § 1391(b) because Defendant does not reside in the Eastern District of California and because a substantial part of the events giving rise to Plaintiff's claims did not occur in the Eastern District of California. (ECF No. 5 at 16–18.) Instead, Defendant argues that venue is proper in the Central District of California, where the Defendant resides and where the events giving rise to Plaintiff's claims occurred. (ECF No. 5 at 17, 20; ECF No. 10 at 5–7.) Plaintiff does not challenge Defendant's contention that a substantial part of the events giving rise to her claims did not occur here, but instead argues that venue is proper under § 1391(b)(1) because Defendant resides in the Eastern District of California.[2] (ECF

---

[2] Plaintiff also requests that the Court defer hearing this motion until after discovery of facts related to the disputed issues so she can "be on an even factual footing with Defendant." (ECF No. 7 at 7.) However, Plaintiff has not demonstrated there are any factual disputes that would be resolved through discovery. "[D]iscovery is not warranted if a plaintiff cannot 'demonstrate how further discovery would allow it to contradict the [defendant's] affidavits.'" *Lang v. Morris*, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (quoting *Terracom v. Valley Nat'l Bank*, 49

4

No. 7 at 8.)

Under § 1391(b)(1), venue is proper in any district where Defendant resides. 28 U.S.C. § 1391(b)(1). For purposes of venue, an entity, whether or not incorporated, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). However, in states with more than one judicial district and in which a corporation is subject to personal jurisdiction, "such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d). If there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.*

Although § 1391(d) refers only to corporations, courts have reasoned that the prior statutory language of § 1391 implores courts to apply § 1391(d) to both corporations and other entities "for whom venue was historically analyzed analogously with corporations," such as limited liability companies. *PHH Mortg. Corp. v. Barrett, Daffin, Frappier, Treder & Weiss, LLP*, No. 15-CV-04711-JD, 2016 WL 1588270, at *1 n.1 (N.D. Cal. Apr. 20, 2016); *see also Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 n.2 (S.D. Tex. 2013) ("Despite this distinction in the current statute, the Court feels compelled to follow the precedent that reads the 'corporation' language to refer to unincorporated entities like LLCs."). Neither party addresses this issue, and instead both apply § 1391(d) despite Defendant's status as a limited liability company. Therefore, because California has more than one judicial district and because Defendant is subject to personal jurisdiction in California, the Court applies § 1391(d) in conducting its venue analysis. Accordingly, the issue is whether, treating the Eastern District of California as a separate state, Defendant has sufficient contacts to subject it to personal jurisdiction.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A);

---

F.3d 555, 562 (9th Cir. 1995)). Therefore, the Court denies Plaintiff's request to stay this motion pending discovery.

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process requirements. Cal. Civ. Proc. Code § 410.10; *Schwarzenegger*, 374 F.3d at 800–01. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the minimum contacts test, there are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).

Plaintiff does not articulate whether she is arguing under a theory of general or specific jurisdiction. Instead, Plaintiff generally maintains that she "has made a *prima facie* showing sufficient to establish minimum contacts in this District" because her complaint alleges the following:

> MAGIC MOUNTAIN, LLC, has purposefully availed itself of the privileges and amenities of this district by, including but not limited to, advertising (print, television, radio, and internet) in the venue, actively soliciting customers and business from residents of the venue, active and consistent paper and electronic communications with customers residing in the venue, maintaining an "interactive" website fully available to customers in the district.

(ECF No. 7 at 9.) Plaintiff maintains that Defendant has "purposefully interjected itself into the Eastern District and indeed, the entire country" because it has a nationwide advertising presence and solicits business and makes sales in the Eastern District. (ECF No. 7 at 9–10.) Specifically, Plaintiff points to Defendant's website and YouTube channel, as well as Defendant's Facebook, Google+, Twitter, and LinkedIn accounts, arguing that Defendant uses these platforms to actively solicit visitors throughout California. (ECF No. 7 at 10.) Further, Plaintiff argues that any person in the Eastern District of California may visit Defendant's website and purchase various items such as Park tickets, season shopping passes, season drink bottles, season dining passes, parking passes, and VIP tours. (ECF No. 7 at 11.)

Defendant responds that Plaintiff has not established that, for venue purposes, Defendant

6

would be subject to personal jurisdiction in this district under either a theory of general jurisdiction or specific jurisdiction. (ECF No. 10 at 5–7.) Defendant argues that a nationally-available website and online advertisements are insufficient to confer personal jurisdiction in any district where the website may be accessed. (ECF No. 10 at 6.) Further, Defendant contends that Plaintiff has provided no facts showing that Defendant's advertising has specifically targeted residents of the Eastern District of California, as opposed to residents of the Central District where the Park is located or California residents as a whole. (ECF No. 10 at 6.)

        *i.*         *General Personal Jurisdiction*

A court may assert general personal jurisdiction over corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation will primarily be "at home" for the purposes of general jurisdiction in two paradigmatic forums: its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. General jurisdiction is not limited to these two forums, but will only be available elsewhere in the "exceptional case" where a corporation's affiliations with a forum are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an 'exceptional case' will general jurisdiction be available anywhere else.").

Plaintiff has not demonstrated that Defendant's affiliations with the Eastern District of California are so continuous and systematic as to render it essentially at home here. Plaintiff's only argument tying Defendant to this district is that Defendant has a nationwide advertising presence and maintains a website and social media platforms that are accessible here. (ECF No. 7 at 9–10.) These contacts are insufficient to establish general jurisdiction as they do not render Defendant "at home" in the Eastern District of California. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011) (The defendant's "operation of an interactive website—even a 'highly interactive' website—does not confer general jurisdiction."); *Surface Supplied Inc. v. Kirby Morgan Dive Sys.*, No. C 13-575 MMC, 2013 U.S. Dist. LEXIS 75519, at *8 (N.D. Cal. May 29, 2013) (Advertisements in national magazines, a passive website, and

7

accounts on Facebook and Twitter do not constitute "substantial" nor "continuous and systematic" contacts.). Indeed, even Plaintiff's own citation to *Sidco Indus. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1347 (D. Or. 1991) demonstrates the insufficiency of Plaintiff's contacts to confer general jurisdiction. There, the court held that there was no evidence that the defendant "had any contact with the State of Oregon apart from the publications and advertising materials" that prompted the action. *Id.* The court held that these contacts were "not sufficiently substantial or continuous and systematic to subject [the defendant] to the general jurisdiction of this court." *Id.* Accordingly, Defendant's advertisements, website, and social media platforms are inadequate to subject it to general personal jurisdiction here.

Interestingly, neither party addresses whether Defendant's status as a California limited liability company provides a basis under the venue statute for general personal jurisdiction in the Eastern District of California. The limited number of courts that have addressed this issue in the context of corporations have found that a defendant's incorporation in a multi-district state does not provide a basis for general jurisdiction in each district within that state. *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. Hume Lake Christian Camps, Inc.*, No. 17-CV-1600 JLS (KSC), 2018 U.S. Dist. LEXIS 1186, at *8–9 n.3 (S.D. Cal. Jan. 3, 2018); *Amerisure Ins. Co. v. Auchter Co.*, No. 1:15cv235-MW/GRJ, 2016 U.S. Dist. LEXIS 195354, at *7 (N.D. Fla. Apr. 4, 2016); *Ica Grp., LLC v. Taggart Glob., LLC*, No. 12-6156, 2013 U.S. Dist. LEXIS 5764, at *6 (E.D. Pa. Jan. 14, 2013)[3]; *Tranor v. Brown*, 913 F. Supp. 388, 390 (E.D. Pa. 1996). These courts reason that the legislative history of the 1998 amendment to § 1391(c) dictates a finding that a corporation does not reside in every district in a multi-district state merely because the corporation is incorporated in that state. However, at least one legal commentator has argued that the legislative history of § 1391(c) in fact indicates the opposite—that a corporation resides in every district in the state of its incorporation. John P. Lenich, *A Simple Question That Isn't So Simple: Where Do Entities Reside for Venue Purposes?*, 84 Miss. L.J. 253, 295–97 (2015). Although this issue presents a fascinating legal question, the Court ultimately need not reach the issue because, as discussed

---

[3] Although *Ica Grp.* involved a limited liability company defendant, the court's analysis focused on whether corporations are subject to residency in every district of a multi-district state due to their incorporation in that state.

below, the Court finds that transfer is appropriate pursuant to § 1404(a).

          ii.   *Specific Personal Jurisdiction*

   Specific jurisdiction is satisfied when the defendant's activities are directed toward the forum state and the defendant's liability arises out of or relates to those activities. *Daimler*, 571 U.S. at 127. In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991) (emphasis omitted). Plaintiff bears the burden of satisfying the first two prongs, and if they are met, the burden shifts to Defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Mavrix Photo*, 647 F.3d at 1228.

   Plaintiff could not plausibly argue that Defendant is subject to specific personal jurisdiction in the Eastern District of California. Even if Plaintiff demonstrated that Defendant purposefully availed itself in the Eastern District of California through its nationwide advertising presence, website, or social media platforms, which she has not,[4] it is clear Plaintiff's claims do not arise out of or result from Defendant's forum-related activities. Rather, Plaintiff's claims are based on ADA violations, which took place at the Park located in the Central District of California. Indeed, Plaintiff did not even view advertisements for the Park here nor did she access Defendant's website or social media platforms here, as she herself does not live in the Eastern District of California. Therefore, there is no basis for the exercise of specific personal jurisdiction over Defendant in the Eastern District of California.

     B.  <u>Whether the Court Should Transfer the Case to the Central District</u>

   Even if venue were appropriate in the Eastern District of California because of Defendant's status as a California limited liability company, the Court finds that transfer is

---

[4] Plaintiff provides no evidence that Defendant reached out to the Eastern District specifically through its online or print platforms, but instead generally states Defendant has a "nationwide advertising presence." (ECF No. 7 at 9.)

9

appropriate under § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen*, 376 U.S. at 616 (quoting *Cont'l Grain Co.*, 364 U.S. at 26–27). In determining whether to transfer a case under Section 1404(a), district courts employ a two-step analysis.

First, the moving party must show the transferee forum is one in which the action might have been brought. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, once the party seeking transfer has made such a showing, the Court must consider a number of public and private factors to determine if transfer is warranted. *Decker Coal*, 805 F.2d at 843. For example, the Court may consider the following factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498–99. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

It is undisputed that this action could have been brought in the Central District of California, where the Defendant is subject to subject matter jurisdiction, personal jurisdiction, and venue. Thus, the Court must determine whether the private and public factors affecting the convenience of the forum favor transfer. Although a plaintiff's choice of forum should ordinarily be given "substantial weight," *N. Acceptance Trust 1065 v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970), "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is

entitled only to minimal consideration," *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

It is apparent that Plaintiff's claims in no way relate to Defendant's contacts in the Eastern District of California. Instead, Plaintiff's claims arise entirely out of events occurring at the Park, which is located in the Central District of California. In fact, it appears that Plaintiff does not have any contacts, related or unrelated to this case, in the Eastern District of California. Further, although Defendant is a California limited liability company and advertises throughout California and the nation as a whole, no evidence has been provided that Defendant reached out to the Eastern District of California specifically. Thus, given that the events giving rise to Plaintiff's claims occurred in the Central District, that the witnesses involved in those events live or work in the Central District, that all of the paperwork related to Plaintiff's claims is in the Central District, that Plaintiff herself resides in the Central District, and that Defendant's contacts are predominately in the Central District, this forum lacks any connection to the parties and the events alleged in the complaint. Accordingly, in the interests of justice and for the convenience of the parties and witnesses, the Courts transfers this action to the Central District of California.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Transfer. (ECF No. 5.) This action is hereby transferred to the U.S. District Court for the Central District of California.

Dated: February 6, 2019

Troy L. Nunley
United States District Judge